506 P.2d 774

Marie HAMILTON, Plaintiff-Appellant,

v.

Jack HAMILTON, Executor of the Last Will and Testament of W. A. Hamilton, Deceased, et al., Defendants-Appellees.

No. 9409.

Supreme Court of New Mexico.

Feb. 23, 1973.

Kastler & Erwin, Raton, for appellant.

Krehbiel . & Alsup, Clayton, Grantham, Spann, Sanchez & Rager, Albuquerque, for appellees.

## OPINION

McMANUS, Chief Justice.

This suit was filed by the plaintiff-appellant (hereinafter referred to as the "wife") in the District Court of Union County, New Mexico, to impress an equitable lien upon the property in the estate of W. A. Hamilton, deceased (hereinafter referred to as the "husband"), for her share of the community property income, in excess of community expenses, earned during the marriage.

Trial was held before the court without a jury and judgment in favor of the husband entered. The wife appeals from the decision and judgment of the court.

The plaintiff, Marie Hamilton (wife), filed her complaint on May 13, 1969, against the executor of the last will and testament of her deceased husband, W. A. Hamilton, and the legatees and heirs of the husband, alleging that a portion of the property of the deceased husband represented the investment of community property earnings, although inventoried as the separate property of the husband; that a 40-acre tract of land purchased during the marriage was community property and requesting a declaration of the court to that extent; and asking that an equitable lien be impressed on the property of the deceased husband. The defendants, answering, denied that the community had any earnings or, alternatively, stated that such

community earnings were relatively insignificant and were more than consumed by the community expenses. The parties had been married and divorced previously but for the purpose of this opinion the date of the marriage was in December, 1962.

There are essentially two questions presented by this appeal. (1) Was there accumulated community income at the time of the husband's death which should have been distributed to the wife? (2) Was there accumulated community income with which the 40-acre tract could have been purchased? The trial court found that there was no community income for either purpose. We affirm in part and reverse in part.

 The trial court's findings and conclusions with regard to the first question above rest upon an erroneous application of the statutory rate of 6% interest which is established in § 50–6–3, N.M.S.A. 1953.

At the age of 79, when he married, the husband owned property worth approximately $800,000 consisting of two ranches in New Mexico, a herd of cattle, equipment used in ranching, rental real estate in Texas, corporate stocks, and an amount of cash. In calculating mathematically that the income arose from the accumulated property rather than from the labor and skill of the husband, the trial court found and concluded that he was entitled to a 6% rate of return on his property. This resulted in such a large amount of money due the husband as his separate property that there was obviously no income left which could be called community property. There is neither substantial evidence to support this finding nor, under the facts and circumstances of this particular case, can we accept the general application of such a percentage rate as a matter of law.

Because the court's findings and conclusions are based almost entirely upon the 6% rate, we are unable to sustain this part of the court's judgment upon any other theory.

The finding of the trial court that community expenses exceeded net income for the years of the marriage prior to the purchase of the 40-acre tract in 1964 and that therefore there were no community funds with which the land could have been purchased, is supported by substantial evidence. Tables of figures supported by testimony were presented in evidence by the husband's executor at trial and the court believed them. Therefore the presumption that property acquired during the marriage is community property, Burlingham v. Burlingham, 72 N.M. 433, 384 P.2d 699 (1963), was rebutted, and the 40-acre tract is the separate property of the deceased.

The judgment is affirmed concerning the 40-acre tract, but reversed as to the determination that there was no accumulated community income at the time of the husband's death which should have been distributed to the wife. We remand this issue to the district court with instructions to further proceed as necessary to resolve the issue presented.

It is so ordered.

OMAN and MONTOYA, JJ., concur.